# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARLOS OTERO,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:11-cv-01696-PMP-RJJ

ORDER

Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a habeas petition.

The matter has not been properly commenced because the pauper application is not on the proper form and does not include all required attachments.

Under Local Rule LSR 1-1, a pauper application must be made on the Court's required application form. Petitioner instead used another form that appears to be intended for use on an appeal to a federal court of appeals. The application thus is not on the required form.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner attached neither. The application therefore further is incomplete.

The application therefore will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application on the proper form with all required attachments. It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of the timeliness issue with regard to a promptly filed new action. It further appears that the Petition does not include

any exhausted claims, and that Petitioner further has no exhausted claims.[1]

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application.

IT FURTHER IS ORDERED that all pending motions are DENIED without prejudice.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the Court's action dismissing the improperly commenced action without prejudice to be debatable or wrong.

IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

The Clerk of Court shall enter final judgment accordingly in favor of Respondents and against Petitioner, dismissing this action without prejudice.

DATED: October 26, 2011.

_____
PHILIP M. PRO
United States District Judge

---

[1] The papers on file and the online docket records of the state courts reflect the following. Petitioner was convicted following a guilty plea on March 3, 2009. He did not file a direct appeal, and the time to do so expired on April 2, 2009. Approximately nine months and twelve days later, on or about January 14, 2010, Petitioner filed a state petition. (The March 15, 2010, pleading referenced in the Petition appears from the state district court's online docket sheet to be an amended petition.) Petitioner voluntarily withdrew the petition at an evidentiary hearing on October 12, 2010. After a final order granting his motion to withdraw the petition was issued on February 11, 2011, Petitioner filed an appeal. The Supreme Court of Nevada dismissed the appeal on September 15, 2011, because Petitioner had requested that the state petition be withdrawn and therefore was not an aggrieved party. The remittitur issued on October 12, 2011. It thus does not appear that Petitioner has fairly presented any claim to the Supreme Court of Nevada in a procedural posture where the merits of a claim would be considered by the state supreme court. From the foregoing procedural history, it does not appear that a dismissal of the present petition without prejudice will materially affect an analysis of either the exhaustion or timeliness issue as to a promptly filed later petition. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.